IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THE BURLINGTON NORTHERN AND
SANTA FE RAILWAY COMPANY, a
Delaware corporation,

       Plaintiff
       Counter-Defendant,

vs.                                                              CIVIL NO. 98-740 SC/RLP

JACQUELINE GARCIA,

       Defendant
       Counter-Claimant.

## MEMORANDUM OPINION AND ORDER

Defendant moves this Court pursuant to Rules 26 and 37 Fed.R.Civ.P. to compel the plaintiff to answer interrogatories, respond to requests for production and for sanctions. For the reasons set forth below, the motion is granted in part and denied in part.

## PROCEDURAL BACKGROUND

On July 7, 1998, defense counsel, Mr. Branch, sent a letter to plaintiff's counsel, Mr. Thal, requesting a "[m]eet and [c]onfer" conference and specifically requesting 33 items or categories of items pursuant to Rule 26(a)(1)(A-D) Fed.R.Civ.P. Defendant also requested a computation of damages and insurance information. After some information was disclosed in the initial disclosures, the defendant served interrogatories and requests for production on the plaintiff. On November 25, 1998, defense counsel, Ms. Weingartner, sent a letter to plaintiff's counsel, Ms. Landavazo, requesting answers to the interrogatories and responses to the requests for production that were tardy. On November 30, 1998 after answers and responses were received by the defendant, Ms.

Weingartner sent another letter to plaintiff's counsel outlining deficiencies in the answers and responses. Ms. Weingartner requested a privilege log, objected to general objections by the plaintiff and requested specific reference to initial disclosures when referred to in the answers and responses and carefully outlined specific deficiencies in the answers and responses (referencing 25 specifically numbered requests for production).

On December 1, 1998, Ms. Landavazo sent a letter to Ms. Weingartner indicating she was preparing a privilege log and requested additional time to consider the defense objections set forth in Ms. Weingartner's most recent letter. On December 7, 1998, Ms. Landavazo specifically addressed defense counsel's objections and this motion followed.

### **INTERROGATORIES**

<u>General Objections</u>

Defendant first complains about plaintiff's use of "[g]eneral [o]bjections". Plaintiff made two general objections referencing the attorney-client and work product privilege and stating that the interrogatories were generally were not in compliance with the Federal Rules of Civil Procedure. The problem with general objections is that it is not possible to identify the interrogatory that the objection refers to. Rule 33 is clear that:

> ". . .[a]ll grounds for an objection to an interrogatory shall be stated with specificity." Rule 33(b)(4) Fed.R.Civ.P.

Although not specifically barred, the use of a general objection is disfavored. *Pulsecard, Inc., v. Discover Card Services, Inc.,* 168 F.R.D. 295, 303 (D. Kan. 1996). That is not to say that general objections are inappropriate. For instance, if a whole group of interrogatories are legitimately objectionable, a general objection would be appropriate. However, in this case, the two general

objections used could not have been applicable to all the interrogatories and are therefore inappropriate objections. The general objections are overruled and are stricken.

INTERROGATORY NO. 3

This interrogatory asked for information on corporate witnesses who possess information about certain subject matters. The objection was that this was not an appropriate interrogatory because this type of discovery is covered by Rule 30(b)(6) Fed.R.Civ.P. Although specifically addressed by Rule 30, seeking the name of a witness for particular information is a routine type of interrogatory. The test to be applied to the scope and limits of an interrogatory is found in Rule 26(b)(1) Fed.R.Civ.P.

> "The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence."

Clearly, the identification of subject matter witnesses meets this rather liberal test. The objection is therefore overruled.

INTERROGATORIES 9, 11 AND 12

The plaintiff responded to each of these interrogatories. The defendant challenges plaintiff's answers as "non-responsive", "evasive" and "late". Interrogatory No. 9 asks for information regarding the train whistle, lighting defects and distances. After a review of the answers, the Court finds the plaintiff's answers adequate and responsive. Interrogatory No. 11 seeks medical and psychological information on the health of the crew members of the train. The plaintiff's answer is adequate and responsive. Interrogatory No. 12 requests information on the recording devices used

on the accident train. The plaintiff is required to produce this information in supplemental answer no later than **February 20, 1999.**

## REQUESTS FOR PRODUCTION

Defendant complains about the plaintiff's use of general objections and specifically challenges plaintiff's responses to Requests for Production Nos. 2, 3, 4, 6, 7, 8, 10, 11, 12, 14, 15, 16, 17, 18, 22, 23, 24, 26, 28, 29, 30, 31, 32, 33, 37 and 38. The Court has previously ruled on the use of general objections in answering interrogatories. Under the circumstances presented, the reasoning applied to general objections when answering interrogatories equally applies to responses to requests for production. Given the number of challenged responses to requests for production, the Court has reviewed each request and response and makes the following individual rulings:

**Request for Production No. 2:** The plaintiff shall identify those documents it refers to in its initial disclosures in response to this request. Documents must be produced with "reasonable particularity". See *Smith v. Dow Chemical Co.,* 173 F.R.D. 54 (W.D.N.Y. 1997). The objection to produce maintenance records for the locomotives, engines and brake system is **sustained.**

**Request for Production Nos. 3 and 9:** The responses to these requests are adequate. However, for purposes of clarity, the Court will require plaintiff to state for each request that "it has no such documents in its possession, custody, or control." See *Fishel v. BASF,* 175 F.R.D. 525, 531 (S.D. Iowa 1997).

**Request for Production Nos. 4, 6, 7, 12, 14:** The plaintiff shall identify the documents it refers to in its initial disclosures in response to these requests. *Smith v. Dow Chemical Co.,* supra.

4

**Request for Production No. 8:** The Court will review documents responsive to this request and determine what, if any, privilege applies.

**Request for Production No. 10:** The response to this request is adequate.

**Request for Production No. 11:** The objection is **overruled.** The plaintiff shall specifically respond to this request stating whether documents are in its possession, custody or control. If such documents exist they shall be produced.

**Request for Production No. 15:** The plaintiff shall identify all documents it produced in its initial disclosures that are responsive to this request. Any documents not produced because of a privilege objection shall be produced for *in-camera* inspection.

**Request for Production No. 16:** The objection is **sustained.**

**Request for Production Nos. 17 and 18:** The responses are adequate and the objections are **sustained.**

**Request for Production 22:** The plaintiff shall identify all documents it produced in its initial disclosures that are responsive to this request. Any documents not produced because of an asserted privilege shall be produced for *in-camera* inspection.

**Request for Production No. 23:** The objection **overruled.** The plaintiff shall produce the work schedule records for the crew for the train in question for the one month period preceding the accident.

**Request for Production No. 24:** The response to this request is adequate and the objection is **sustained.**

**Request for Production Nos. 26 and 28:** The objections are **overruled.**

**Request for Production No. 29:** The response is adequate and the objection is **sustained.**

**Request for Production No. 30:** The response is adequate. The Court will review *in-camera* any documents the plaintiff claims are privileged.

**Request for Production No. 31:** The response is adequate. The Court will review *in-camera* any documents the plaintiff claims are privileged.

**Request for Production No. 32:** The response is adequate.

**Request for Production No. 33:** The objection is **overruled.**

**Request for Production No. 37:** The objection is **sustained.**

**Request for Production No. 38:** The response is adequate and the objection is **sustained.**

**IT IS THEREFORE ORDERED** that the Defendant/Counter-Plaintiff's First Motion to Compel Discovery **(Docket No. 34)** is **granted in part and denied in part**.

**IT IS FURTHER ORDERED** that the interrogatories and responses that the Court ordered answered shall be answered no later than **February 20, 1999**.

**IT IS FURTHER ORDERED** that the plaintiff shall produce, no later than **February 20, 1999**, the privilege log as well as all of those documents it claims an attorney-client privilege or attorney work-product for *in camera* inspection. Plaintiff's counsel may notify the Court as to when it will be producing those documents.

**IT IS FURTHER ORDERED** that the defendant's request for imposition of sanctions is taken under advisement.

**IT IS SO ORDERED.**

_____
RICHARD L. PUGLISI
United States Magistrate Judge