IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


THE BURLINGTON NORTHERN AND
SANTA FE RAILWAY COMPANY,
a Delaware corporation,

    Plaintiff/Counter-Defendant/Third Party Plaintiff,

vs.                                                                               No. CIV 98-740 MV/RLP

JACQUELINE GARCIA,

    Defendant/Counter-Plaintiff,

and

RICK CHADWICK and ALLSTATE INSURANCE
COMPANY, an Illinois corporation,

    Third-Party Defendants/ Third Party Counter-Plaintiff (Chadwick).

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant/Counter-Plaintiff Jacqueline Garcia's Objection to [Magistrate's] Order of February 11, 1999 **[Doc. No. 72]**. The Court, having considered the motion, response, relevant law, and being otherwise fully informed, finds that the objections are well-taken and will be **GRANTED IN PART** and **DENIED IN PART**.

### BACKGROUND

The present lawsuit arises from a collision between a car driven by Defendant/Counter-Plaintiff Jacqueline Garcia ("Garcia") and a train owned and operated by Plaintiff/Counter-Defendant

the Burlington Northern and Santa Fe Railway Company ("BNSF"). As a result of the collision, Garcia's two young children were killed.

BNSF initiated the present lawsuit, asserting claims of negligence and intentional or grossly negligent damage to property. BNSF claims that Garcia caused the accident by entering a closed section of track which, is not a public right of way, and seeks compensation for damage to its property and expenses incurred as a result of trauma to the BNSF employees who witnesses the deaths of Garcia's children. Garcia counterclaims, asserting negligent and intentional infliction of emotional distress and prima facie tort. As a result of Garcia's counterclaim, BNSF filed a Third-Party Complaint for indemnification and equitable contribution against Allstate Insurance Company, the insurer of the vehicle, and Ricky Chadwick, the owner of the vehicle.

On October 7, 1998, Garcia served BNSF with interrogatories and requests for production of documents. BNSF responded to some of these requests and objected to others. Garcia filed a motion to compel which Magistrate Judge Puglisi granted in part and denied in part in an Order issued February 11, 1999. Garcia objects to several portions of the Order denying her motion to compel and sustaining BNSF's objections to her requests.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 72(a) addresses a magistrate judge's ruling on a nondispositive matter. Rule 72(a) provides, in part, that:

> Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made. The district judge to whom the case is assigned shall consider such objections and shall

2

modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.

Fed.R.Civ.P. 72(a). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948).

## ANALYSIS

Garcia objects to five specific rulings of Magistrate Judge Puglisi sustaining BNSF's objections to requests for production. The Court will review each objection in turn.

### 1.     Request for Production No. 16

Request for Production No. 16 seeks:

All records, repair records, or reports related to the functioning and maintenance of the train, its locomotives and equipment on the night in question, including records of any defects or malfunctions noted within the past year prior to the incident in question for any car, locomotive, or piece of equipment that made up the consist of the train in question.

BNSF objected as follows:

[T]he request is overbroad and unduly burdensome to BNSF. The train consisted of 57 rail cars and three locomotives. There are no claims that the engine or locomotive involved in this incident were defective or malfunctioned and therefore, BNSF objects on the basis that the maintenance records requested are not relevant to the subject matter of the present action and the production of such records is not reasonably calculated to lead to the discovery of admissible evidence. Any benefit to Defendant Garcia was BNSF to produce such records is far outweighed by the burden to BNSF of producing such records.

Magistrate Judge Puglisi sustained the objection.

In her Objection, Garcia argues that the maintenance records are necessary because "[o]ne of the issues in this case is whether the BNSF locomotive could have stopped and avoided the collision." BNSF states that it has already revealed to Garcia "that there are no reports of any malfunctioning equipment on the train in question on the night in question." Garcia failed to disclose this to the Court and provides no argument why the discovery already provided is not sufficient for the purpose stated. Given the information already provided by BNSF, the Court concludes that Magistrate Judge Puglisi's Order sustaining the objection is not clearly erroneous or contrary to law.

### 2. Request for Production No. 17

Request for Production No. 17 seeks:

All records or reports showing the names of employees who worked at the Mountainair yard or depot, and each employees' work schedule, for one month prior to and one month after the incident in question.

BNSF objects as follows:

it is overbroad and seeks information for a time period that is irrelevant to the subject matter involved in the pending action. Without waiving its objection, BNSF states that it is in the process of obtaining records concerning the names of employees who worked at the Mountainair yard or depot during one week prior to and one week after the date of the subject collision.

Magistrate Judge Puglisi found the response adequate and sustained the objection.

Although the Memorandum in support of her Objections is not entirely clear, Garcia apparently seeks the above information because "[i]ndividuals having recently worked in the area of the train depot may have information about the presence of unauthorized individuals in the area of [the depot]," which would be relevant to whether BNSF took sufficient precautions to prevent the

accident. Garcia again failed to disclose to the Court that BNSF did in fact provide records delineating who worked at the depot for one week before and one week after the accident. Likewise, Garcia again provides no argument why the discovery already provided is not sufficient for the purpose stated. Given the information already provided by BNSF, the Court concludes that Magistrate Judge Puglisi's Order sustaining the objection is not clearly erroneous or contrary to law.

### 3. Request for Production No. 18

Request for Production No. 18 seeks:

All "near miss reports" or other similar type reports of trespassers on or around the BNSF's (or AT & SF's) property within 1 mile in either direction of the Mountainair Depot (including the depot itself) for the past 10 years prior to the accident.

BNSF objects as follows:

the time period stated is overbroad and the burden to BSNF of producing such information far outweighs any benefit to Defendants if the documents, if any exist, were produced. Without waiving its objection, BSNF states that there are no reports of "near misses" for the one year prior to the subject incident between milepost 850 and 860, the area of the subject incident.

Magistrate Judge Puglisi found the response adequate and sustained the objection.

In her Memorandum, Garcia argues that "[r]eports of incidents of personal injuries or death occurring on BNSF's railroad track is . . . relevant to BNSF's notice of such incidents." Garcia provides no argument why reports of "near misses" are relevant but the Court will assume that Garcia intends to argue that these reports are likewise relevant to BNSF's notice of trespassers in the area. Again, Garcia fails to disclose to the Court that BNSF revealed that there were no "near miss" reports for a year prior. Nevertheless, the Court concludes that information pertaining only to one year prior

to the accident is insufficient. While the Court agrees that the request for ten years worth of information is overbroad, the Court concludes that BNSF should produce information pertaining to any "near misses" within one mile in either direction of the accident which occurred five years prior to the accident.

### 4. Request for Production No. 37

Request for Production No. 37 seeks:

All medical records and medical bills for the past 10 years, of each employee who claims emotional distress damages or other personal injury damages, and records of each and every medical, psychological or other treatment received by each such employee for this 10 year time period.

BNSF objects as follows:

it mischaracterizes BNSF's Complaint. At this time, no BNSF employee is making a claim against Defendant Garcia for "emotional distress damages or other personal injury damages." Thus, BNSF objects to Request No. 37 on the grounds that it seeks information that is not relevant to the subject matter involved in the pending action and is not reasonably calculated to lead to the discovery of admissible evidence. Moreover, such information is confidential and personal to non-parties.

Magistrate Judge Puglisi sustained the objection.

Garcia states that she is "left to believe that the damages asserted by BNSF include damages for medical expenses or medical care received by the train crew as a result of the collision." Garcia then argues that the medical history of the train crew is relevant to determining whether they had any pre-existing conditions or were being treated for any conditions which would impair their ability to operate the train that night. BNSF responds that it is not seeking damages for emotional distress or physical injury but only for the benefits paid to the two employees as a result of the accident, which

includes missed work and "medical treatment for the emotional trauma they suffered as a result of being exposed to the two young children's tragic and unnecessary deaths."

To the extent that BNSF seeks reimbursement for "medical treatment for emotional trauma" it is seeking damages for emotional distress experienced by its employees. Should it be the case that one or both of these employees was already in counseling, Garcia might be able to argue that she is not responsible for all of the damages suffered by the employee. Accordingly, a request seeking production of counseling records for the employees might be appropriate. However, the request here, which seeks medical and psychological records for the past ten years, is plainly overbroad in these circumstances. Further, Garcia's argument that she is entitled to these records to determine if the employees were impaired in any manner in operating the train is irrelevant since this is not what was asked for in the cited request. Therefore, the Court concludes BNSF must produce medical bills and medical records related to any counseling or therapy received by the train crew for the five years preceding the accident.

### 5.     Request for Production No. 29

Request for Production No. 29 seeks:

Records for all prior complaints, disciplinary action or investigations of any past action or activity involving any crew member on the train in question for the past 10 years prior to the accident.

BNSF objects as follows:

that it is overbroad and is not narrowly tailored to seek information relevant to the pending claims and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving its objection, BNSF stats it is not aware of any records of

any disciplinary action taken against either crew member of the subject train by BNSF during the twelve months preceding the incident on March 15, 1997.

Magistrate Judge Puglisi found the response adequate and sustained the objection.

Garcia argues that the above information is relevant to determining whether the train crew contributed to or caused the accident in question. Again, Garcia failed to alert the Court to the disclosure already made by BNSF that no disciplinary action had been taken in the past year. Nevertheless, the Court concludes that information pertaining only to one year prior to the accident is insufficient. While the Court agrees that the request for ten years worth of information is overbroad, the Court concludes that BNSF should produce information pertaining to any disciplinary actions taken against the train crew or investigations involving these crew members within the five years preceding the accident.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant/Counter-Plaintiff Jacqueline Garcia's Objection to [Magistrate's] Order of February 11, 1999 **[Doc. No. 72]** is hereby **GRANTED IN PART and DENIED IN PART**. Defendant BNSF is hereby ordered to supplement it previous answers with the following information:

1. Any reports of "near misses" within one mile in either direction of the accident which occurred within the five years preceding the accident.

2. Any medical bills or medical records for counseling or therapy received by the train crew for five years prior to the accident.

3. Any disciplinary action taken against or investigation involving the train crew for five years preceding the accident.

Plaintiff's appeal is **DENIED** in all other respects.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE

Attorney for Plaintiff:
John Thal
Gianna Mendoza

Attorneys for Defendant/ Counter-Plaintiff Garcia:
Brian Branch
Felicia Weingartner