IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

THE BURLINGTON NORTHERN AND
SANTA FE RAILWAY COMPANY,

    Plaintiff/Counter-Defendant/Third-Party Plaintiff,

vs.                                                                           No. CIV 98-740 MV/RLP

JACQUELINE GARCIA,

    Defendant/Counter-Plaintiff,

ALLSTATE INSURANCE COMPANY
and RICKY CHADWICK,

    Third-Party Defendants,

and

CORA CHADWICK, Individually, RICKY CHADWICK,
as the Co-Personal Representative of the ESTATE OF
ROBERT SHEPPARD and the ESTATE OF ERMELINDA
SHEPPARD, and FIRST FINANCIAL TRUST COMPANY,
as the Co-Personal Representative of the ESTATE OF
ROBERT SHEPPARD, and the ESTATE OF ERMELINDA
SHEPPARD, and as TRUSTEE of the ROBERT SHEPPARD
and ERMELINDA SHEPPARD SHRINER'S CHILDREN
HOSPITAL TRUST,

    Plaintiffs-in-Intervention,

vs.

THE BURLINGTON NORTHERN AND
SANTA FE RAILWAY COMPANY,
    Defendant-in-Intervention,

vs.

JACQUELINE GARCIA, RICKY CHADWICK,
and ALLSTATE INSURANCE COMPANY,

    Third-Party Defendants on Complaint in Intervention.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Third Party Defendant Rick Chadwick's Motion to File a First Amended Answer and Counterclaim, filed September 1, 1999 **[Doc. No. 142]**. The Court, having considered the parties' pleadings, the applicable law, and being otherwise fully informed, finds that Third-Party Defendant's Motion is not well taken and will be **DENIED**.

## BACKGROUND

Plaintiff, Burlington Northen and Santa Fe Railroad (BNSF) filed suit after a devastating collision that occurred on March 15, 1997, between a BNSF train and a vehicle driven by Defendant Jacqueline Garcia (Garcia). Garcia's two young children, Ermelinda Sheppard and Robert Sheppard, were killed as a result of the collision and ensuing explosion. Third-party Defendant Rick Chadwick (Chadwick), step-grandfather of the deceased children and co-executor of their estates, filed a counterclaim on September 11, 1998 against BNSF for intentional infliction of emotion distress suffered as a result of BNSF's conduct since the collision. On July 19, 1999, this Court joined Chadwick's state court claims against BNSF for wrongful death filed on behalf of the estates of Ermelinda Sheppard and Robert Sheppard. At that time, the Court also granted a motion to intervene filed by the children's grandmother, Cora Chadwick who sought damages for emotional distress and indicated that she would be adding a claim against BNSF for a grandparental loss of grandparental consortium.

## LEGAL STANDARD

Fed.R.Civ.P.15(a) provides that the Court should grant a party's leave to amend if "the interests of justice so require." Fed.R.Civ.P. 15(a). Ultimately, however, "[t]he decision to grant

leave to amend a complaint, after the permissive period, is within the trial court's discretion." *Woolsey v. Marion Laboratories, Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991). Among the factors to be considered by the court in ruling on a motion to amend are undue delay, prejudice to the opposing party, or futility. *See Bauchman v. West High School*, 132 F.3d 542, 559 (10th Cir. 1997). "Untimeliness alone may be a sufficient basis for denial of leave to amend." *Woolsey v. Marion Laboratories, Inc.*, 934 F.2d at 1462; *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1495 (10th Cir. 1995); *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365-66 (10th Cir. 1993). Furthermore, prejudice is likely to arise if the amendment involves a new theory of discovery or requires additional discovery. *McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1130 (10th Cir. 1998).

## **DISCUSSION**

Rick Chadwick now moves to amend his Answer and Counterclaim in order to assert his own claim for grandparental loss of consortium. As grounds for this motion Chadwick cites to *Fernandez v. Walgreens Hastings Co.*, 126 N.M. 263 (1998), in which the New Mexico Supreme Court for the first time recognized a grandparent's claim for loss of consortium. BNSF objects to this motion on three grounds: (1) the motion is not timely; (2) Plaintiff will be prejudiced; and (3) Chadwick cannot state a claim for grandparental loss of consortium under New Mexico law because he is not a blood relative of the deceased children.

The Court is persuaded by BNSF's arguments and finds that Chadwick's motion is not timely and will result in prejudice to BNSF. In making this ruling, the Court will not reach the issue of whether Chadwick can state a claim for grandparental loss of consortium. Chadwick's

3

motion is filed ten months after the New Mexico Supreme Court recognized a cause of action for grandparental loss of consortium and six months after the Court's deadline for amending pleadings. Discovery in this case closed as of September 1, 1999, the day this motion was filed, thereby making it impossible for BNSF to fully investigate the merits of Chadwick's claim. While the Court recognizes that Mr. Chadwick has been the subject of some discovery by BNSF, this discovery was not aimed at the grandparental loss of consortium claim. Although Chadwick offers to make himself available for a deposition, the Court does not believe that BNSF should have to conduct further discovery after all deadlines have passed, while trying to prepare for trial on the pending claims. Moreover, the Court finds the lack of notice on this claim to be prejudicial to BNSF. While Cora Chadwick brought it to the Court's, and hence the parties', attention that she intended to bring a claim for grandparental loss of consortium, Rick Chadwick did not make clear his intention to file such a claim until after the Court joined all the state claims. Finally, Chadwick does not explain the delay in bringing this motion after it became clear that New Mexico recognized grandparental loss of consortium. In absence of any legitimate excuse, the Court will not allow a party to bring untimely claims based on information that was available for months. *See* McKnight v. Kimberly Clark, 149 F.3d at 1130. Chadwick had plenty of time in which to bring this claim, but failed to do so. As such, the Court will not subject BNSF to the burden of additional discovery, when by all expectations discovery was completed on the day this motion was filed.

**IT IS THEREFORE ORDERED** that Third-Party Defendant's Motion to File a First Amended Answer and Counterclaim filed September 1, 1999 **[Doc. No. 142]** is **DENIED**.

_____
**MARTHA VAZQUEZ**
**U. S. DISTRICT JUDGE**

Attorney for Plaintiffs
Brian K. Branch
James A. Branch

Attorney for Defendant
Clifford K. Atkinson
Gianna M. Mendoza