CLERK'S COPY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
SANTA FE, NEW MEXICO

JAN 3 1 2000

[signature]
CLERK

THE BURLINGTON NORTHERN AND
SANTA FE RAILWAY COMPANY,

    Plaintiff/Counter-Defendant/Third-Party Plaintiff,

vs.

No. CIV 98-740 MV/RLP

JACQUELINE GARCIA,

    Defendant/Counter-Plaintiff,

ALLSTATE INSURANCE COMPANY
and RICKY CHADWICK,

    Third-Party Defendants,

and

CORA CHADWICK, Individually, RICKY CHADWICK,
as the Co-Personal Representative of the ESTATE OF
ROBERT SHEPPARD and the ESTATE OF ERMELINDA
SHEPPARD, and FIRST FINANCIAL TRUST COMPANY,
as the Co-Personal Representative of the ESTATE OF
ROBERT SHEPPARD, and the ESTATE OF ERMELINDA
SHEPPARD, and as TRUSTEE of the ROBERT SHEPPARD
and ERMELINDA SHEPPARD SHRINER'S CHILDREN
HOSPITAL TRUST,

    Plaintiffs-in-Intervention,

vs.

THE BURLINGTON NORTHERN AND
SANTA FE RAILWAY COMPANY,
    Defendant-in-Intervention,

vs.

JACQUELINE GARCIA, RICKY CHADWICK,
and ALLSTATE INSURANCE COMPANY,
    Third-Party Defendants on Complaint in Intervention.

336

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff/Counter-Defendant Burlington Northern Santa Fe's (BNSF) Motion to Quash Subpoena of Robert Gomez **[Doc. No. 326]**, filed January 21, 2000 and BNSF's Motion to Quash Subpoena Commanding Gary Wolf to Produce Tax Returns **[Doc. No. 328]**, filed January 21, 2000. Subsequent to filing the first Motion to Quash BNSF has agreed to produce Robert Gomez for trial. As such, the Court finds that the Motion to Quash Subpoena of Robert Gomez **[Doc. No. 326]** is **MOOT**. The Court further finds that the Motion to Quash Subpoena Commanding Gary Wolf to Produce Tax Returns **[Doc. No. 328]** is well taken and will be **GRANTED**.

## BACKGROUND

Plaintiff/Counter-Defendant BNSF filed suit against Defendant/Plaintiffs-In-Intervention Garcia, *et. al.* arising from a collision between a BNSF train and a vehicle driven by Jacqueline Garcia. BNSF retained Gary Wolf, owner of Rail Sciences, Inc., as an expert witness and produced him for deposition on August 10, 1999. Mr. Wolf was deposed again on January 10, 2000 pursuant to Court ordered sanctions of BNSF for failure to provide required expert witness disclosures under Fed. R. Civ. P. 26. When Mr. Wolf appeared for his January 10, 2000 deposition, he was served by Garcia, *et. al.* with a subpoena to produce (1) all billing records associated with the present litigation, and (2) all personal and company tax returns for the period of 1995-1999. At no time prior to deposing Mr. Wolf had Garcia, *et. al.* requested Mr. Wolf's personal and business tax returns.

## LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 45(c)(3)(A), the court by which a subpoena was issued shall quash or modify the subpoena if it ". . . requires disclosure of privileged or other protected matter. . ." Fed. R. Civ. P. 45(c)(3)(A)(iii), ". . . or subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iv). Income tax returns are generally not discoverable unless the requesting party proves their relevance, and the tax returns contain information not readily available from another source, giving rise to a compelling need for their production. *See Audiotext Communications Network v. US Telecom*, 1995 WL 625962, at *11 (D.Kan. 1995); *see also Kelling v. Bridgestone/Firestone*, 157 F.R.D. 496, 498 (D.Kan. 1994); *Hilt v. SFC*, 170 F.R.D. 182 (D.Kan. 1992). Due to the public policy interest in the confidentiality of tax returns and proper functioning of tax laws, courts generally disfavor production of tax returns, although they are not subject to an absolute privilege. *See Hilt*, 170 F.R.D. at 182; *SEC v. Cymaticolor Corp.*, 106 F.R.D. 545, 547 (S.D.N.Y. 1985). The production of joint tax returns are particularly disfavored. *See Van Westrienen v. Americontintental Collection Corp.*, 189 F.R.D. 440, 441 (D.Or. 1999) ("personal income tax return contains irrelevant and confidential information, especially if it is a joint return"). Courts have been more restrictive of requests to compel material from non-parties to a litigation. *See Packer v. Hansen*, 1999 WL 1038343 (E.D.Pa. 1999); *Terwilliger v. York International Corp.*, 176 F.R.D. 214 (W.Va. 1997).

## DISCUSSION

Garcia, *et. al.* argue that the tax returns of Gary Wolf and his company Rail Sciences are relevant and necessary to impeach Mr. Wolf's deposition testimony regarding his 1998 annual

3

earnings. Specifically, Garcia, *et. al.* argue that these earnings do not comport with the significant amount of work that Mr. Wolf has testified he has performed for the railroad industry and the hourly rate he charges. Garcia, *et. al.* further contend that the need for the tax returns did not arise until after Mr. Wolf's August deposition. The Court is not persuaded by Garcia, *et. al.*'s arguments. At no time did Mr. Wolf testify to the precise number of hours he spent working for the railroad industry, or the specific amount of income attributable to the railroad industry. Rather, Mr. Wolf has testified that (1) he was paid total earnings in 1998 of about $80,000; (2) Rail Sciences performs sixty to seventy percent of its work for railroad companies; (3) ninety percent of Wolf's active cases involve railroad companies; and (4) in the majority of cases Wolf has worked on, he was retained by a railroad company. Based upon the testimony presented before the Court, it does not appear that Garcia, *et. al* have grounds to properly impeach Mr. Wolf as to the number of hours spent on railroad work or the specific income derived from railroad work. Furthermore, there is no indication that the tax returns of Mr. Wolf and Rail Sciences will provide the information sought by Garcia, *et. al.* BNSF states that the company tax returns are most likely not itemized for particular client services and do not specify the amount of income derived from work for railroad companies, or the number of hours spent on railroad work. Rather, the company tax returns, according to BNSF, reflect general income levels and contain confidential information unrelated to earnings for expert witness services on behalf of railroad companies. In addition, Mr. Wolf's personal income tax returns are filed jointly with his wife and contain highly confidential information regarding her earnings. Based on these findings, the Court holds that Garcia, *et. al.* has not met their burden of proving the relevance and necessity of the tax returns. *See Audiotext Communications Network*, 1995 WL

4

625962, at *11 *Kelling*, 157 F.R.D. at 498; *Hilt*, 170 F.R.D. 182. Finally, as a non-party witness, Mr. Wolf merits greater protection from any potentially burdensome discovery requests. *See Packer*, 1999 WL 1038343; *Terwilliger*, 176 F.R.D. 214. On these grounds, BNSF's Motion to Quash Subpoena Commanding Gary Wolf to Produce Tax Returns is granted. The Court notes that the subpoena also requests Mr. Wolf's billing records associated with the instant litigation. This request was not the subject of BNSF's Motion to Quash, and is not within the scope of the Court's present ruling.

## CONCLUSION

For the above stated reasons, the Court finds that BNSF's Motion to Quash Subpoena of Robert Gomez **[Doc. No. 326]** is **MOOT**. The Court further find that BNSF's Motion to Quash Subpoena Commanding Gary Wolf to Produce Tax Returns **[Doc. No. 328]** is **GRANTED**.

DATED: January 30, 2006

MARTHA VÁZQUEZ
U. S. DISTRICT COURT JUDGE

Attorneys for Plaintiff BNSF
Clifford Atkinson
John Thal

Attorneys for Defendants / Plaintiffs-In-Intervention
Jim Branch
Felicia Weingartner
Brian Branch

Attorney for Third-Party Defendant
Gordon McCulloch